GEORGE C. WHITLOCK v. STATE, EX REL. SCHOOL DISTRICT OF OMAHA.

[FILED NOVEMBER 25, 1890.]

1. **Trusts:** LAND GRANT FOR SCHOOLS: CONSTRUCTION. Under the act of 1869, donating " Capitol Square " to the city of Omaha, the grant provided " that the said property shall be used by said city for the purpose of a high school, college, or other institution of learning, and for no other purpose whatever;" *held*, that this does not include the mere primary department of the common schools.

2. ———: CHANGE OF ADMINISTRATORS. The substitution of the board of education for the board of regents of the high school;

made by the act of 1871, did not change the character of the trust but merely of the body which administered the same.

3. **The words "high school,"** as used in the act, may be defined as a school where the higher branches of a common school education are taught.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*A. J. Poppleton,* and *Howard B. Smith,* for plaintiff in error, cited: *Van Wyck v. Knevals,* 106 U. S., 360; *Kan. Pac. R. Co. v. Dunmeyer,* 113 U. S., 629; 9 Opinions of Attys. Genl., 41; *Silver v. Ladd,* 6 Wall. [U. S.], 440; Perry, Trusts, sec. 38–41, 687–700; Dillon, Mun. Corp., 566–7–8 and note; *State v. Benton,* 29 Neb., 460.

*Lee S. Estelle,* and *Wm. E. Healey, contra,* cited: *State v. Benton,* 29 Neb., 460.

MAXWELL, J.

This action was brought in the district court of Douglas county to compel the plaintiff in error to issue a permit for a one-story brick building to cost about $5,000, to be erected on "Capitol Square," in the city of Omaha. The court below rendered judgment in favor of the relator, and the cause was brought into this court by a petition in error.

The petition of the board of education, which is very long, sets out the ordinances of the city of Omaha relating to the erection of new buildings, to show that it was the duty of the plaintiff in error to grant such permit.

In his answer the plaintiff in error alleges "that he is advised and believes that the effect of the said acts passed by the said legislatures of the state of Nebraska, and of the conveyance made in pursuance thereof, is, and has been from the date of the passage of the first of said acts hereinbefore referred to, approved February 4, 1869, and the occupancy of said premises, and control thereof by the

board of regents, created by said act, on behalf of the city of Omaha, to vest the legal title of said premises and the control and use of said premises in the city of Omaha, and to vest in said city the sole and exclusive jurisdiction and control thereof, and that the said board of education, representing the school district of Omaha, have heretofore, and do at the present time occupy said premises only by the permission of said city, and that they have no legal right whatever to occupy, use, or control said premises, save by the consent and permission of said city of Omaha, and that the said school district of Omaha, the relator, has no legal or equitable title to said premises, and that the relator is not in any sense the owner thereof, and is not entitled under and by virtue of the provisions of the ordinances of said city relating to the inspection of buildings, hereinbefore referred to, to the building permit applied for. That prior to the application of the relator to this respondent for said permit, the city council of the city of Omaha adopted a concurrent resolution, which resolution was approved on the 6th day of September, 1890, by the mayor of said city directing the superintendent of buildings (this respondent) and all other persons, not to issue or cause to be issued to any person or corporation a permit to erect any building upon the grounds hereinbefore described, without the express permission of the mayor and council of said city in writing; which said resolution is in words and figures following, to-wit:

"'_Resolved_, By the city council of the city of Omaha, the mayor concurring, that the superintendent of buildings and all other persons be and they hereby are instructed and directed not to issue or cause to be issued to any person, persons, company, association, or corporation, a permit to erect any building upon the grounds commonly known as the "High School Grounds," in the city of Omaha, without the express permission of the mayor and council of said city in writing, and said superintendent of buildings and all

52

officers of said city are directed and instructed to see that all violations of chapter XVII of the Revised Ordinances or amendments thereto, for said city, compiled by W. J. Connell, are prevented, if possible, and all violators thereof prosecuted and punished.'

\*     \*     \*     \*     \*     ·  \*     \*     \*     \*     \*

" And respondent says that in obedience to the said resolution and in pursuance of the direction and authority of the council in that regard, he has declined and refused to issue any permit for the erection of any building whatever upon said premises, and shall continue so to decline and refuse and to obey said resolution, according to its tenor and effect, unless otherwise ordered by said city council or by the court; that in the year 1869, and before the passage of the act establishing the school district of Omaha, and while the premises in question were in the charge and control of the board of regents provided for in the act granting said premises to the city of Omaha, the books, papers, archives, records, and other public property belonging to the state of Nebraska, were removed from said premises, and the 'old capitol building' situated thereon, to the place designated by law as the capital of the state, to-wit, Lincoln, Lancaster county, Nebraska, whereby a full and complete and perfect title in fee became vested in the city of Omaha, to be held and enjoyed only subject to the conditions and limitations in said act set forth; and respondent further says that at the date of the passage and approval of the act creating the city of Omaha a school district and providing for the government of said district by a board of education, to-wit, February 6, 1873, and of an act relative to public schools in metropolitan cities which took effect March 31, 1887, the premises hereinbefore described as 'High School Square' and the buildings and erections thereon were not owned by any school district within the corporate limits of the city of Omaha. The act of 1869, transferring the title of capitol square to the city of Omaha, is as follows:

" ' AN ACT to transfer to the city of Omaha for school purposes the capitol grounds and buildings in said city, and to provide a board of regents for the management of the same.

" ' WHEREAS, The capitol grounds heretofore occupied by the state of Nebraska were originally conveyed to the territory of Nebraska by said city of Omaha ; and,

" ' WHEREAS, After the erection of a capitol building thereon had been commenced by the government of the United States, the appropriation therefor was found to be insufficient; and,

" ' WHEREAS, After the suspension of the construction of said building for the reason aforesaid, the people of said city of Omaha contributed the sum of sixty thousand dollars to complete the same; and,

" ' WHEREAS, The state of Nebraska has ceased to use said capitol grounds and buildings for the object originally contemplated; and,

" ' WHEREAS, The said capitol building is now in a condition to require the expenditure of a large sum before the said building can be safely used by the state of Nebraska for any purpose :

" ' SECTION 1. *Therefore, Be it enacted by the Legislature of the State of Nebraska:* That whenever the books, papers, archives, records, and other public property belonging to the state shall be removed from the old capitol building in the city of Omaha, to the place designated by law as the capital of this state, the said capitol building and grounds surrounding the same and whereon the same stands, known and designated on the lithographed plat of said city as Capitol square, shall revert to and vest in said city of Omaha for school purposes; and the governor of this state is hereby authorized and required, for and on behalf of this state, to make and execute, under his official seal, the full and complete conveyance of said property to said city for the purpose herein mentioned, on or before the first

day of April, A. D. 1869; *Provided,* That the said prop-
erty shall be used by said city for the purpose of a high
school, college, or other institution of learning, and for no
other purpose whatever; *And provided further,* That said
city shall never alien, convey, lease, or in any manner in-
cumber the same.

" 'Sec. 2. That Alvin Saunders, G. W. Frost, Thomas
Davis, J. H. Kellom, Augustus Kountz, and J. M. Wool-
worth, and their successors, be and they are hereby ap-
pointed a board of regents to serve as follows : The two
first named for three years, the two next named for two
years, and the two last named for one year; the term of
service of each to commence at the date of the passage of
this act and run for the full term herein named after the
general election for city officers in said city of Omaha, in
1869, so that two of said regents shall be chosen by the
qualified electors of said city at the general election of mu-
nicipal officers in the year 1870, and two of said board at
each annual election thereafter.   The said board of regents,
or a majority of them, shall receive in behalf of said city
of Omaha, from the state, the aforesaid property, and shall
take possession of the same, and manage and control said
high school, college, or other institution of learning so to
be established, and provide such rules and regulations for
the government of the same as to them shall seem expedi-
ent.   Said regents shall continue in office until their suc-
cessors are duly elected and qualified as hereinbefore pro-
vided.

" 'Sec. 3. That in case of death, resignation, refusal to
serve, removal from said city, or other disability of one or
more of said regents, the remaining members shall fill
said vacancy or vacancies until the next general election
for city officers of said city.   The said regents shall ap-
point a treasurer, who shall give such bonds as they shall
prescribe, and hold his office during the pleasure of the
board, which said officer shall receive for his services such

reasonable compensation as shall be prescribed by said board. · The acts of a majority of said board shall, in all respects, be as binding and valid as if concurred in by the whole number of regents hereby appointed.

"'Sec. 4. That no college, school, seminary, or other institution of learning shall ever be kept in said building or upon said grounds, or upon any portion thereof, the control or management whereof shall be placed under the direction of any religious sect or denomination whatever.

" 'Sec. 5. This act shall take effect and be in force from and after its passage.

"' Approved February 4, 1869.'"

The city accepted the trust as specified in the act. In 1871 an act was passed in relation to the schools of Omaha, sections 1 and 2 of which are as follows:

*"Be it enacted by the Legislature of the State of Nebraska:* That the city of Omaha, excepting a certain part of said city to be hereinafter designated in this act, shall constitute · one school district, and all schools organized therein under the general school law are under special acts, creating and authorizing the board of high school regents in Capitol Square, in the city of Omaha, and all schools hereafter to be erected or organized within the limits of said city, shall, under the direction and regulations of the board of education authorized by this act, be public and free to all children residing within the limits of said city, between the ages of five and twenty-one years.

"Sec. 2. The board of education of the city of Omaha shall consist of two members elected by the electors in each ward, who shall be elected in the manner following: At the annual city election in the year 1872, the electors of each ward shall elect two members of said board of education, one of whom shall hold his office for the term of one year and one for the term of two years. At the annual election in the year 1873, and annually thereafter"

there shall be elected one member from each ward, who shall hold his office for two years and until his successor shall have been elected and qualified; *Provided,* That the present school board and the board of high school regents shall remain in full authority over their respective schools until the election and organization of the board of education to be elected under the provisions of this act, and no longer."

Other acts have been passed in relation to the high school of Omaha which need not be referred to here. The present board of education is the successor of the board created by the act of 1871.

The change from the board of regents to the board of education did not change the character of the trust, but merely provided what body should administer it. In order to determine the powers of the board of education we must consider the character of the trust in the act donating "Capitol Square." It was expressly provided "that the said property shall be used by said city for the purpose of a high school, college, or other institution of learning, and for no other purpose whatever."

The city seems to have performed its part of the trust in good faith and it now protests against the erection of an inferior building upon the grounds in question for the sole purpose of a primary department, and contends that such use of the property would be a violation of the purposes for which the land was conveyed. The objection is well taken. The evident purpose of the act in question was to create an educational institution of a higher grade than the primary department of the common schools. The words "high school, college, or other institution of learning" indicate this. The words "high school" may be defined as a school where the higher branches of a common school education are taught. This does not include a mere primary school. This school, no doubt, under the terms of the grant, may be converted into a college or

other like institution, free alike to all, but cannot be perverted from the purpose of the original grant.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.